# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Jeff Lackie, individually and on behalf of | ) | |
| all other persons similarly situated, | ) | Civil Action No.: 2:17-cv-83 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COLLECTIVE/CLASS ACTION** |
| v. | ) | **COMPLAINT** |
| | ) | |
| Stingray Pressure Pumping LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

Plaintiff Jeff Lackie ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, files this Collective and Class Action Complaint (the "Complaint") against Defendant Stingray Pressure Pumping LLC (the "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 *et seq.* and the Ohio Minimum Fair Wage Standards Act, R.C. 4111.03 *et seq.* ("OMFWSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiff alleges, on behalf of himself and on behalf of all field mechanics employed by Defendant any time during the three years prior to the filing of this action and the date of final judgment in this action (hereinafter the "Collective" or "Collective Action Members"). Defendant violated the FLSA by miscalculating Plaintiff's and the Collective Action Members' regular rates for purposes of computing overtime compensation. Defendant's miscalculation of Plaintiff's and

the Collective Action Members' regular rates and overtime compensation resulted in them being underpaid their overtime wages. Plaintiff and the Collective Action Members are entitled to their unpaid overtime.

2.      Plaintiff also brings this action under the OMFWSA pursuant to FED. R. CIV. P. 23 on behalf himself and on behalf of all field mechanics employed by Defendant within the State of Ohio at any time during the two years prior to the filing of this action and the date of final judgment in this action (the "OMFWSA Class"). Defendant violated the OMFWSA by miscalculating Plaintiff's and the OMFWSA Class' regular rates for purposes of computing overtime compensation. Defendant's miscalculation of Plaintiff's and the OMFWSA Class' regular rates and overtime compensation resulted in them being underpaid their overtime wages. Plaintiff and the OMFWSA Class are entitled to their unpaid overtime.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and this Court's Federal Question Jurisdiction, 28 U.S.C. § 1331.

4.      This Court has jurisdiction over Plaintiff's OMFWSA claim pursuant to 28 U.S.C. § 1332(d).

5.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6.      Upon information and belief, Stingray Pressure Pumping LLC is headquartered in, and regularly conducts business in, this District.

## THE PARTIES

7.      During all relevant times, Plaintiff was employed by Defendant as an hourly field mechanic in Belmont County, within this District and Division, as well as in other locations.

8.     Defendant Stingray Pressure Pumping LLC is a Delaware Limited Liability Company, with its headquarters in St. Clairsville, Ohio.

9.     At all times relevant herein, Stingray Pressure Pumping has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

10.     At all times relevant herein, Stingray Pressure Pumping has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Stingray Pressure Pumping has had, and has, a gross volume of sales made or business done of at least $500,000.

11.     At all times relevant herein, Plaintiff and all similarly situated field mechanics were engaged in commerce or in production of goods for commerce as required by 29 U.S.C. §§ 206-207.

12.     At all relevant times, Plaintiff, the Collective Action Members, and the OMFWSA Class were paid hourly wages as well as bonuses.  The bonuses were non-discretionary.

13.     At all relevant times, Plaintiff, the Collective Action Members, and the OMFWSA Class worked more than forty (40) hours in a single workweek, entitling them to overtime compensation under the FLSA and the OMFWSA.

## FACTUAL ALLEGATIONS

14.     The FLSA and Ohio law required Defendant to pay overtime compensation to its hourly employees at one and one-half times their "regular rate", and to include in the calculation

of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," including non-discretionary bonuses.

15.     Defendant unlawfully excluded the bonuses it paid to hourly employees in determining their "regular rates" for purposes of overtime compensation. Defendant thereby miscalculated and underpaid the overtime compensation it paid to its hourly employees, including Plaintiff, the Collective Action Members, and the OMFWSA Class.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members, specifically defined as: All persons who were employed by Defendant as an hourly field mechanic during the period three years preceding the commencement of this action to the present who received non-discretionary bonuses and who worked more than forty hours in one or more workweeks during the period in which they earned such bonuses.

17.     Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

18.     Plaintiff and the Collective Action Members are "similarly situated" with respect to Defendant's FLSA violations in that they were all hourly employees of Defendant, all were subject to and injured by Defendant's unlawful practice of excluding bonuses from the calculation of employees' "regular rates" for purposes of computing overtime compensation, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

19.     The similarly situated employees are known to Stingray Pressure Pumping, are readily identifiable, and can be located through Stingray Pressure Pumping's records. These

similarly situated employees may be readily notified of this action through direct U.S. mail and allowed to opt into it pursuant to U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

20. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such person may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt-in".

## OHIO CLASS ACTION ALLEGATIONS

21. Plaintiff brings this lawsuit pursuant to as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the OMFWSA Class, specifically defined as: All persons who were employed by Defendant as an hourly field mechanic during the period two years preceding the commencement of this action to the present who received non-discretionary bonuses and who worked more than forty hours in one or more workweeks during the period in which they earned such bonuses.

22. Plaintiff and the OMFWSA Class are "similarly situated" with respect to Defendant's OMFWSA violations in that they were all hourly employees of Defendant, all were subject to and injured by Defendant's unlawful practice of excluding bonuses from the calculation of employees' "regular rates" for purposes of computing overtime compensation, and all have the same claims against Defendant for unpaid overtime compensation as well as for attorneys' fees, and costs.

23. The OMFWSA Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

24.     There are questions of law and fact common to the members of the OMFWSA Class that predominate over any questions solely affecting the individual members of the OMFWSA Class.

25.     The critical questions of law and fact common to Plaintiff and the OMFWSA Class that will materially advance the litigation are whether:  (1) Defendant miscalculated the overtime compensation it paid to Plaintiff and the OMFWSA Class by excluding non-discretionary bonuses from their regular rates; and (2) Plaintiff and other class members would have received additional overtime compensation if bonuses had been included in their "regular rates", and if so, in what amount.

26.     Plaintiff's claims are typical of the claims of the members of the OMFWSA Class. Plaintiff has the same interests in this matter as all other members of the OMFWSA Class.

27.     Plaintiff is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

28.     Class certification of Plaintiff's and the OMFWSA Class' claims is appropriate pursuant to FED. R. CIV. P. 23 because questions of law and fact common to the OMFWSA Class predominate over questions affecting only individual members of the OMFWSA Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

29.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT

30.     Plaintiff, on behalf of himself and all the Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

31.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32.     At all relevant times, Stingray Pressure Pumping employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

33.     At all relevant times, Defendant unlawfully excluded the bonuses it paid to hourly employees in determining their "regular rates" for purposes of overtime compensation.

34.     As a result, Defendant miscalculated and underpaid the overtime compensation it paid to hourly employees, including Plaintiff and the Collective Action Members, in violation of the FLSA.

35.     Stingray Pressure Pumping's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36.     Due to Stingray Pressure Pumping's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Stingray Pressure Pumping their unpaid overtime wages, liquidated damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## (OHIO MINIMUM FAIR WAGE STANDARDS ACT:  UNPAID OVERTIME WAGES)
## (Brought on Behalf of Plaintiff and All Members of the OMFWSA Class)

37.     Plaintiff, on behalf of himself and all the OMFWSA Class, re-alleges and incorporates by reference the preceding paragraphs.

38. At all relevant times, Plaintiff and OMFWSA Class Members were employed by Defendant within the meaning of the OMFWSA, and Defendant was an employer within the meaning of the OMFWSA.

39. The overtime wage provisions of the OMFWSA and its supporting regulations apply to Defendant.

40. Defendant willfully violated Plaintiff's rights and the rights of the OMFWSA Class by unlawfully excluding the bonuses it paid to hourly employees in determining their "regular rates" for purposes of overtime compensation.

41. As a result, Defendant miscalculated and underpaid the overtime compensation it paid to hourly employees, including Plaintiff and the OMFWSA Class, in violation of the OMFWSA.

42. As a result of Defendant's willful violations of the OMFWSA, Plaintiff and the OMFWSA Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Collective Action Members, and the OMFWSA Class are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

b. Certification of this action as a class action on behalf of the OMFWSA Class pursuant to FED. R. CIV. P. 23, and the appointment of Plaintiff and his counsel to represent the members of the OMFWSA Class;

c. An award of unpaid overtime wages for all hours, as well as liquidated damages in an equal amount;

d. An award of attorneys' fees and costs incurred in prosecuting this action; and

e. Such other and further relief as this Court deems just and proper.

Respectfully submitted,
*/s/ Shannon M. Draher*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
Nilges Draher, LLC
7266 Portage St. N.W.
Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Email: hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

## JURY DEMAND

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Shannon M. Draher*
Shannon M. Draher