## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JEFF LACKIE,
individually and on behalf of all other persons
similarly situated,

               Plaintiff,

     v.

STINGRAY PRESSURE PUMPING LLC,

               Defendant.

Case No.: 2:17-cv-83
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## FINAL APPROVAL ORDER

WHEREAS plaintiff Jeff Lackie ("Plaintiff" or the "Class Representative") and defendant Stingray Pressure Pumping LLC ("Defendant") entered into a settlement agreement (the "Settlement Agreement") on February 23, 2017, to settle this class action and collective action lawsuit (the "Class Action"); and

WHEREAS the Court entered an order dated March 15, 2017 (the "Preliminary Approval Order"), preliminarily approving the parties' settlement consistent with the requirements of the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, certifying a class for settlement purposes (the "Settlement Class") and ordering notice be sent to Settlement Class members providing Settlement Class members with an opportunity either to participate in the settlement, exclude themselves from the Settlement Class, or object to the proposed settlement; and

WHEREAS the Court held a settlement fairness hearing on August 11, 2017 to determine whether to give final approval to the proposed settlement; and

WHEREAS the Court makes the following combined findings of fact and conclusions of law in support of approval of the proposed settlement;

NOW, THEREFORE, based on the submissions of the parties, upon reviewing all prior proceedings, and on the evidence adduced at the settlement fairness hearing, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.       Incorporation of Other Documents. This final order approving class settlement (the "Final Approval Order") incorporates herein the Settlement Agreement. Unless otherwise provided herein, all capitalized terms in this Final Approval Order shall have the same meaning as set forth in the Settlement Agreement.

2.       Jurisdiction. Because adequate notice has been disseminated to all Settlement Class members, all Settlement Class members have been given the opportunity to opt-out of the Class Action, and no Settlement Class member has excluded his- or herself from the settlement, the Court has personal jurisdiction with respect to the claims of all Settlement Class members. The Court has subject matter jurisdiction over the Class Action, including jurisdiction to approve the proposed settlement, grant final certification of the Settlement Class, and dismiss the Class Action with prejudice.

3.       Final Class Certification. The Settlement Class is certified for settlement purposes only, the Court finding that the Settlement Class satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 216(b) of the Fair Labor Standards Act ("FLSA"), and due process. The Settlement Class consists of all field mechanics who worked for Defendant from July 13, 2013 until October 4, 2015. A collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, is certified, consisting of all Settlement Class members.

2

4.      Adequacy of Representation.  Shannon Draher of Nilges Draher LLP has fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and has satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5.      Class Notice.  The Court finds that the Class notice and its distribution to Settlement Class members complied with the Settlement Agreement and this Court's Preliminary Approval Order and that they:

a)      constitute the best practicable notice to Settlement Class members under the circumstances of the Class Action;

b)      constitute notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of (i) the pendency of the Class Action; (ii) the terms and conditions of the settlement and their rights under the settlement; (iii) their right to exclude themselves from the Settlement Class and the proposed settlement; (iv) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness and adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by the Class Representative and Class Counsel, and the award of attorneys' fees and costs and the enhancement payment to the Class Representative, (v) their right to appear at the settlement fairness hearing, either on their own behalf or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class, and (vi) the binding effect of the orders and judgment in the Class Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Settlement Class;

c)      constitute notice that was reasonable, adequate, and sufficient notice to all persons entitled to be provided with notice; and

3

d)      constitute notice that fully satisfied the requirements of Rule 23 of the

Federal Rules of Civil Procedure, Section 216(b) of the FLSA, and due process.

6.      Final Settlement Approval.  The terms and provisions of the Settlement

Agreement have been entered into in good faith and are the product of arms-length negotiations

by experienced counsel who have done a meaningful investigation of the claims in the dispute.

No person objected to the Settlement Agreement.  The Settlement Agreement and all of its terms

are fully and finally approved as fair, reasonable, and adequate, and in the best interests of each

of the parties and the Settlement Class.  The Parties are hereby directed to implement and

consummate the Settlement Agreement according to its terms and provisions.

7.      Class Action Fairness Act.  All notice requirements of the Class Action Fairness

Act, 28 U.S.C. § 1715 *et seq*., have been complied with, and there have been no objections from

any state or federal officials regarding the Settlement Agreement.

8.      Binding Effect.  The terms of the Settlement Agreement, this Final Approval

Order, and the accompanying final judgment are binding on the Settlement Class members, as

well as their heirs, executors, administrators, successors, and assigns, and those terms shall have

res judicata and other preclusive effect in all pending and future claims, lawsuits, or other

proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits,

or other proceedings involve matters that were or could have been raised in the Class Action and

are encompassed by the Waiver and Release set forth in the Settlement Agreement.

9.      Release.  The Settlement Class members who did not exclude themselves from

the settlement in the manner required by the Settlement Agreement and the Preliminary

Approval Order shall be bound by the Waiver and Release provided in the Settlement

Agreement, which is incorporated herein in all respects, regardless of whether such persons

4

receive any compensation under the Settlement Agreement. The Waiver and Release is effective as of the date of this Final Approval Order and the accompanying final judgment.

10.    Permanent Injunction. The Settlement Class members are barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on claims included in the Settlement Agreement's Waiver and Release; and (ii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding based on claims included in the Settlement Agreement's Waiver and Release. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Class Action and to protect and effectuate the Court's Final Approval Order and final judgment.

11.    Enforcement of Settlement. Nothing in this Final Approval Order or the accompanying final judgment shall preclude any action to enforce the terms of the Settlement Agreement.

12.    Modification of Settlement Agreement. The parties are hereby authorized, upon approval of the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the parties' counsel and are consistent with this Final Approval Order and do not limit the rights of Settlement Class members under the Settlement Agreement.

5

13.     Retention of Jurisdiction.  The Court has jurisdiction to enter this Final Approval Order and the accompanying final judgment.  This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order and the accompanying final judgment, and for any other necessary purpose, including, without limitation:

a)     enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action in the Class Action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Approval Order or the final judgment;

b)     entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the final judgment approving the Settlement Agreement, and permanently enjoining Settlement Class members who did not exclude themselves from the settlement in the manner required by the Settlement Agreement and the Preliminary Approval Order from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

c)     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

14.     No Admissions.  Neither this Final Approval Order and the accompanying final judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this final approval order and the final judgment) is, may be construed as, or may be used as, an admission or concession: (a) by or against Defendant of the validity of any claim or any actual or potential fault, wrongdoing, or liability, or (b) by the Class Representative that the claims he has asserted in the Class Action lack merit.  Entering into or carrying out the

6

Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed

as, or deemed to be evidence of, an admission or concession as to Defendant's denials or

defenses or an admission or concession as to the merits of Plaintiff's claims and shall not be

offered or received in evidence in any action or proceeding against any party hereto in any court,

administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the

settlement or to enforce the provisions of this Final Approval Order and final judgment and the

Settlement Agreement; provided, however, that this Final Approval Order, the accompanying

final judgment, and the Settlement Agreement may be filed in any action against or by Defendant

to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement,

judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue

preclusion, or similar defense or counterclaim.

**IT IS SO ORDERED.**

_8-11-2017_
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

7